**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOUNTAIN PORTFOLIO OWNER NJ, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FAMS PETRO LLC, *et al.*,<br><br>Defendants. | Civil Action No. 24-07685 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**CASTNER, U.S.D.J.**

    **THIS MATTER** comes before the Court upon the July 17, 2024 Order to Show Cause that directed the parties to show cause in writing why the case should not be remanded to the Superior Court of New Jersey for lack of subject-matter jurisdiction. (ECF No. 3.) The parties responded on July 26, 2024. (ECF Nos. 6 & 7.) After careful consideration of the parties' submissions, the case will be **REMANDED** pursuant to 28 U.S.C. § 1447(c).

    On July 10, 2024, Defendant Fams Petro, LLC, removed this case from the Superior Court of New Jersey, Ocean County. (ECF No. 1.) The basis asserted for this Court's subject-matter jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331. (*Id.* at 2.)

    The Verified Complaint appended to the notice of removal alleges that Plaintiff Mountain Portfolio Owner NJ, LLC, leased a commercial property in Tuckerton, New Jersey, to Defendant Fams Petro, LLC, as a Sunoco fuel station. (ECF No. 1-1 at 2.) Plaintiff alleges that Defendant failed to pay the required monthly rent and has not complied with a Notice to Quit and Demand for Possession. (*Id.* at 3.) Plaintiff demands "judgment for possession." (*Id.* at 4.)

On July 17, 2024, the Court issued an Order to Show Cause that noted that it had identified no federal question on the face of the Verified Complaint. (ECF No. 3.) Accordingly, the Court directed the parties to show cause in writing why the matter should not be remanded to the Superior Court of New Jersey for lack of subject-matter jurisdiction. (*Id.*)

On July 26, 2024, the parties responded. Plaintiff argues that removal "is entirely baseless and without merit." (ECF No. 6 at 3.) Plaintiff contends that the "claims for relief . . . are entirely based in New Jersey state law, specifically under statute N.J.S.A. 2A:18-53, which provide for grounds for tenant removal." (*Id.*) Plaintiff further contends that Defendant removed the case to federal court "in a futile attempt to forestall their eviction." (*Id.* at 4.) Plaintiff asks that the Court award it fees and costs under 28 U.S.C. § 1447(c) for the "baseless" removal. (*Id.* at 5.)

Defendant alleges that Plaintiff entered into a lease agreement with non-party Mountain Express Oil Company for the commercial property at issue. (ECF No. 7 at 1.) Mountain Express allegedly then sublet the property to Defendant. (*Id.*) In March 2023, Mountain Express filed a chapter 11 bankruptcy proceeding that was converted into a still-pending chapter 7 proceeding. (*Id.* at 2.) In August 2023, the United States Bankruptcy Court for the Southern District of Texas issued an order terminating all non-residential leases held by Mountain Express and retaining exclusive jurisdiction as to issues arising from its order. (*Id.*) Defendant argues that because the bankruptcy court retained exclusive jurisdiction, this case may be removed to the district court so it may then be transferred to bankruptcy court for a determination "as to whether or not the sublease by and between [Mountain Express] and Defendant was terminated." (*Id.*)

Removal of a suit from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter. *Entrekin v. Fisher Sci., Inc.*, 146 F. Supp. 2d 594, 603 (D.N.J. 2001) (citing 28 U.S.C. § 1441(a)). To maintain subject-

matter jurisdiction over a lawsuit, the Court must either have diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. A district court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

The removing party maintains the burden of proving that the district court has subject-matter jurisdiction. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The matter "must be remanded if, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case." *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 465 (D.N.J. 2012) (citing 28 U.S.C. § 1447(c)); *see also* Fed. R. Civ. P. 12(h)(3). "The Court must also strictly construe the removal statutes against removal and resolve any doubts in favor of remand." *Entrekin*, 146 F. Supp. 2d at 604; *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991) ("A district court must resolve all contested issues of substantive fact . . . and . . . any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.").

Here, Defendant has offered no valid basis for this Court's subject-matter jurisdiction. It is undisputed that the Verified Complaint, on its face, does not confer federal question jurisdiction. Because jurisdiction is determined based on a plaintiff's well-pleaded complaint, no federal jurisdiction exists. *See, e.g., Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Bayview Loan Servicing LLC v. Farzan*, Civ. No. 17-1796, 2017 WL 5047900, at *2 (D.N.J. Nov. 3, 2017) (Wolfson, J.), *aff'd in part, appeal dismissed in part*, 720 F. App'x 678 (3d Cir. 2018) ("[B]ecause the face of Plaintiff's Complaint does not

identify a federal question, this Court lacks federal question jurisdiction . . . .").

Notwithstanding the absence of a federal question on the face of the complaint, Defendant argues that the complaint implicates an issue that is subject to the exclusive jurisdiction of the bankruptcy court for the Southern District of Texas. No case law is cited by Defendant to indicate that this is enough to confer federal jurisdiction over the complaint. Indeed, no explanation is offered as to why Defendant could not move before the Superior Court of New Jersey to either dismiss or stay the case in favor of the alleged jurisdiction of the federal bankruptcy court. In any event, Defendant's argument appears, at most, to be either a counterclaim or a defense to Plaintiff's state-law claims, and it is well settled that a counterclaim or defense that implicates a federal issue does not confer federal question jurisdiction. *See, e.g., AHS Hosp. Corp. v. Ippolito*, Civ. No. 19-12052, 2019 WL 3985647, at *2 (D.N.J. Aug. 20, 2019) ("The fact that a counterclaim or third-party claim may implicate federal law is not enough to confer federal question jurisdiction."); *Portfolio Recovery Assocs., LLC v. Arsenis*, Civ. No. 24-1097, 2024 WL 1678606, at *2 (D.N.J. Apr. 17, 2024) ("[A] defense that raises a federal question is inadequate to confer federal jurisdiction." (citation omitted)).

Finally, the Court will remand the matter without an award of costs and fees to Plaintiff. Although the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," 28 U.S.C. § 1447(c)," it will not do so here. Without prompting from Plaintiff, the Court swiftly identified the subject-matter defect, and it issued its Order to Show Cause. Plaintiff was not compelled to move for remand or to incur substantial costs. While Defendant's argument for federal jurisdiction was not meritorious, the Court cannot conclude on the present record that Defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

4

Therefore, for the reasons stated above, and other good cause shown,

**IT IS** on this 29th day of July, 2024, **ORDERED** as follows:

1. This action shall be **REMANDED** to the Superior Court of New Jersey, Law Division, Special Civil Part, Landlord/Tenant Section, Ocean County.

2. Pursuant to 28 U.S.C. § 1447(c), the Clerk's Office is directed to mail a certified copy of this Memorandum Order to the clerk of the State Court.

3. The Clerk is directed to **CLOSE** this case.

/s/ Georgette Castner
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

5